**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DONTAVIAN WALTER,

      Plaintiff,

v.

CCDC OFFICER SMITH, et al.,

      Defendants.

Case No. 2:26-cv-01264-JAD-NJK

**Order**

[Docket No. 7]

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 7; *see also* Docket No. 7-1 (financial certificate). In cases brought by prisoners, courts generally require the initial payment of a partial filing fee. *See* 28 U.S.C. § 1915(b)(1). In this case, however, no partial filing fee will be required given Plaintiff's *de minimis* funds. *See* Docket No. 7-1 at 1-3. As such, the Court will grant the application to proceed *in forma pauperis* without requiring a partial payment. The Clerk's Office is **INSTRUCTED** to file the complaint, Docket No. 1-1, on the docket.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723

1

(9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff submits various allegations without stating the constitutional or other federal civil rights that he alleges were violated. *See* Docket No. 1-1 at 3-4. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2). For the reasons discussed above, Plaintiff's complaint must be dismissed. However, the Court will provide leave to amend.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's application to proceed *in forma pauperis* (Docket No. 7) without having to prepay the filing fee is **GRANTED**.

2.    Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

3.    The Clerk's Office shall send a copy of this Order to the attention of the inmate accounts department at Clark County Detention Center, 3330 South Casino Center Boulevard, Las Vegas, Nevada 89101. Pursuant to 28 U.S.C. § 1915(b)(2), Clark County Detention Center shall

forward to the Clerk of the United States District Court, District of Nevada, twenty percent of the preceding month's deposits to **DONTAVIAN WALTER'S (#2647957)** inmate trust account (in the months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.

4.   The Clerk's Office must provide a copy of this order to the Finance Division of the Clerk's Office.

5.   The Clerk's Office is **INSTRUCTED** to file the complaint (Docket No. 1-1) on the docket.

6.   Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **June 12, 2026**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

7.   **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 19, 2026

_____
Nancy J. Koppe
United States Magistrate Judge